# IN THE COURT OF APPEALS OF IOWA

No. 14-1970
Filed January 28, 2015

**IN THE INTEREST OF J.G. and J.G.,**
    **Minor Children,**

**J.G., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Gary K, Anderson, District Associate Judge.


A father appeals the termination of his parental rights to his two children. **AFFIRMED.**


Roberta J. Megel, State Public Defender's Office, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Matthew Wilber, County Attorney, and Dawn M. Landon, Assistant County Attorney, for appellee.

Maura C. Goaley, Council Bluffs, for mother.

Phil R. Caniglia, Council Bluffs, attorney and guardian ad litem for minor children.


Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

A father appeals from the termination of his parental rights to his two children.[1]  The father claims the State failed to prove by clear and convincing evidence the circumstances that led to the initiation of these proceedings no longer exist, as he is now employed, has consistent housing, and is no longer using illegal substances.  We find the State proved by clear and convincing evidence the father's rights to his two children should be terminated.  We affirm the juvenile court order.

I.      **BACKGROUND FACTS AND PROCEEDINGS**

The children, J.G. and J.G., were born in 2011 and 2012, respectively. The Department of Human Services (DHS) began working with the mother and father in August 2013, due to issues with substance abuse and lack of employment and housing.  The DHS offered the parents chemical dependency evaluations and recommendations; family support; family safety, risk, and permanency (FSRP) services; and case management.  Due to lack of compliance and follow-through with the DHS services, the State filed a child-in-need-of-assistance (CINA) petition on October 11, 2013.  On October 18, a temporary removal hearing was held.  Both parents admitted to using marijuana. The court also noted the father had failed to follow through with various appointments.  The court found, based on the parents' noncompliance with services and demonstrated inability to care for the children, the children were at risk of harm and removed them from the parents' custody.

---

[1] The mother does not appeal.

In November, a CINA adjudicatory hearing was held. The court made similar findings to those made in the temporary removal hearing. The court found the children were CINA pursuant to Iowa Code sections 232.2(6)(c)(2), (g), (n), and (o) (2013). A dispositional hearing was held in December, and the father did not appear. The court found the father was inconsistent in meeting with the FSRP provider and the father did not have a permanent address or a phone number. The father also had not provided any drug screens. Although he claimed to have completed a chemical dependency evaluation, the DHS reported it had not received an updated evaluation of the father, and the father was not attending treatment as he reported. Finally, the court noted little progress had been made by the parents towards reunification with the children. The court ordered that the children should remain out of their parents' custody.

A termination hearing was held on September 22, 2014. An order was issued on November 12, terminating the father's parental rights pursuant to Iowa Code sections 232.116(1)(d), (e), (h), (i), and (*l*). In support of its order, the court generally cited the father's failure to provide any proof of chemical dependency treatment, his lack of participation in random drug screens, and his lack of cooperation with services. The father now appeals.

## II.    STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be

upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. DISCUSSION

Iowa Code chapter 232, concerning the termination of parental rights, follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A. Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Under section 232.116(1)(e), termination may be ordered if the child was adjudicated a CINA, the child has been removed from the parents' physical custody for a period of at least six consecutive months, and "[t]here is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of

the child despite being given the opportunity to do so." Iowa Code § 232.116(1)(e). The father claims the State failed to prove by "clear and convincing evidence" all three prongs of 232.116(1)(e) were met. He specifically claims there is not "clear and convincing evidence" he has not maintained "significant and meaningful contact" with the children.

We agree with the court that termination of the father's parental rights is proper. Clear and convincing evidence shows the father has not substantially remedied the circumstances that led to the initial adjudication. Over the course of this proceeding, the father has failed to maintain consistent visitation with the children. From November 21, 2013, through February 7, 2014, the father had no contact with the children. From February through May, the father had four visits with the children. Recently, from July through September the father had more visits with the children. While the father has shown some improvement in attending the scheduled visitations, we agree with the juvenile court the children deserve permanency now and should not have to wait for their father to demonstrate he might be able to parent them at some point in the future. *See In re D.S.*, 806 N.W.2d 458, 474 (Iowa Ct. App. 2011) ("We will not gamble with a child's future by asking him to continuously wait for a stable biological parent, particularly at such a tender age."). Additionally, while the father claims he is currently employed, he has failed to provide pay stubs as proof of his employment. The father has also failed to respond to the other services offered by the DHS. The father has only completed one drug test, which was positive for marijuana at twelve times the cutoff level for a positive drug test. He has failed to

provide any proof of his claimed chemical dependency treatment. The father has not found a residence to call his own.[2]

For these reasons, we find there is "clear and convincing evidence" the father has not maintained "significant and meaningful contact" with the children. Iowa Code § 232.116(1)(e)(3). We find clear and convincing evidence supports the termination of the father's parental rights.

### B. Best Interests of the Child

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2). For the reasons listed above, we find it is in the best interests of the children to terminate the father's parental rights.

## IV. CONCLUSION

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(e), termination of the father's parental rights is in the children's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different conclusion. Accordingly, we affirm termination of the father's parental rights.

**AFFIRMED.**

---

[2] The father currently lives with his mother. The father has testified his mother's house is not suitable for the children.